IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02682-RTG
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may delay the consideration of your claims.**)

MARLON IVAN GUINAC LOPEZ,

      Petitioner,

v.

WARDEN, Denver Contract Detention Facility,
MARKWAYNE MULLIN, Secretary of Homeland Security,
TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement,
U.S. DEPARTMENT OF HOMELAND SECURITY, and
TODD BLANCHE, Attorney General of the United States,

      Respondents.

---

## ORDER TO FILE AMENDED HABEAS APPLICATION

---

Petitioner Marlon Ivan Guinac Lopez is a federal immigration detainee at the ICE Aurora Contract Detention Facility in Aurora, Colorado. Petitioner has filed *pro se* a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and paid the required filing fee. (ECF No. 1).[1] Accordingly, this habeas corpus action was opened.

The Court must construe the petition liberally because Petitioner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

---

[1] "(ECF No. 1)" is an example of the convention used to identify the docket number assigned to a specific filing by the court's Case Management/Electronic Case Files (CM/ECF) system. The convention is used throughout this order.

1

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons, Petitioner will be ordered to file an amended habeas application.

## BACKGROUND

Petitioner alleges that he is a native and citizen of Guatemala who entered the United States without inspection on or about October 11, 2020, and has resided here since. (ECF No. 1 at 2-4). He alleges that he has maintained a pending application for asylum since 2023, holds a valid Employment Authorization Document, and has no criminal convictions. (*Id.* at 7). He alleges that ICE took him into custody on or about May 13, 2026, following a traffic stop, and that he has remained detained since. (*Id.* at 6-7). Petitioner contends that his detention violates the Due Process Clause of the Fifth Amendment and exceeds the government's statutory authority under 8 U.S.C. § 1226(a) because no individualized determination has found him to be a flight risk or a danger to the community. (*Id.* at 9-12). As relief, he seeks immediate release or, in the alternative, release on bond, together with an order barring his transfer outside the District of Colorado while this action is pending. (*Id.* at 12-13).

The Court will now turn to the pleading issues presented by the petition.

## PLEADING ISSUES

**1.  Petitioner must use the District of Colorado's form habeas application.**

Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented

2

prisoner or party shall use the procedures, forms, and instructions posted on the court's website." Petitioner must submit all claims and requests for relief in one single habeas corpus application, and he must use the current court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form, available at www.cod.uscourts.gov, to do so. *See U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (holding that "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules").

### 2. Petitioner must allege a specific violation of federal law.

Petitioner's amended application must clearly allege the violation of a federal right. Habeas corpus relief is warranted only if Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Under Habeas Rules 2(c)(1) and 2(c)(2), Petitioner must identify the specific federal claim he is asserting, and he must provide specific factual allegations in support of the claim. The Habeas Rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be

3

ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

In the amended application, Petitioner must provide a clear statement of the claims he is asserting, along with the facts supporting each claim. Therefore, Petitioner should include specific factual allegations explaining:

- his country of citizenship or birth;

- how and when he entered the United States, along with the circumstances of his initial encounter with immigration authorities;

- whether he has been placed in removal proceedings and, if so, when those proceedings began (for example, the issuance of a Notice to Appear) and their current status;

- whether a final order of removal has been entered against him and, if so, its date—or, if no final order has been entered, the current posture of his proceedings;

- if a final order of removal has been entered, whether his country of citizenship has agreed to accept him and the status of any efforts to remove him;

- the current status of his pending application for asylum;

4

- whether he has ever requested or been afforded an individualized bond hearing before an immigration judge; if so, the date, the outcome, and any bond amount set;

- whether he has ever been released on bond or to supervision, the conditions of any such release, and whether and why it was revoked;

- the facts bearing on his ties to the community—such as family members residing in the United States, employment history, and length of residence—that are relevant to any flight-risk and danger assessments he challenges; and

- any other facts showing Petitioner would appear as required if released.

If Petitioner does not include these background facts in the amended habeas corpus application, the Court cannot determine whether his detention is unlawful or whether he is entitled to habeas relief. Petitioner must therefore file an amended habeas application that clearly pleads a cognizable federal claim.

## CONCLUSION

Accordingly, it is

ORDERED that Petitioner shall have thirty (30) days from the date of this order to file an amended habeas application providing a clear statement of the federal claims he is asserting and the facts supporting those claims. Petitioner must include all claims and allegations in the amended habeas application. It is

FURTHER ORDERED that Petitioner shall obtain and utilize the District of Colorado's form Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

The form, along with the applicable instructions, can be found at www.cod.uscourts.gov. It is

FURTHER ORDERED that Petitioner must submit a single, completed application on the court-approved form as one document that contains all claims and allegations. Petitioner is advised that the Court is not required to sort through multiple pleadings to ascertain his claims or compile the required information from multiple documents. It is

FURTHER ORDERED that if Petitioner fails to file an amended habeas application as directed within the time allowed, the action may be dismissed without further notice.

DATED June 17, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge